## City Court.

*General Term—November*, 1883.

EURIQUE VALIENTE, ET AL., PLAINTIFFS AND RE-
SPONDENTS, *against* JAMES BRYAN, DEFENDANT
AND APPELLANT.

Where a person is induced to execute a contract to advertise in a
  monthly newspaper for one year, upon the representation of its
  canvasser, that the paper has a circulation of 6,000 per month,
  and the representation proves untrue, no recovery can be had
  thereon.

The plaintiffs who are the editors and proprietors
of a certain monthly paper, called "La America," sue
to recover $75 for inserting an advertisement therein,
under the following contract :—

"New York, June 1st, 1882.

"I hereby subscribe for the term of twelve months for a space of ½ page in 'La America' commencing with the June number, for which I will pay Three Hundred Dollars : payments to be made quarterly on receipt of first paper containing my advertisement.

"J. BRYAN."

The first quarterly installment became due October 1, 1882, and the action is to recover the amount thereof.

The main defense is that the contract was obtained upon the representation that "La America" had a subscription circulation of over six thousand copies per month, and that the representation was false, and known to be untrue when it was made. Upon the trial, the defendant testified that the agent who procured the subscription from him, represented that the circulation exceeded six thousand, and that the defendant could have proof of that before he paid his bill. The agent who procured the subscription was called to rebut this evidence, instead of doing which, he admitted, that he told the defendant that the paper had a circulation of 6,000 to 8,000 per month. This corroborated the defendant. The defendant made propositions to settle the plaintiffs' claim, but these were conditional upon the plaintiffs making affidavit that the representation as to their circulation was true. The plaintiffs refused to make the affidavit, and said they would offer the proof in court. Upon the trial, the jury awarded the plaintiffs a verdict for the amount claimed, and the defendant appeals.

*Wm. H. Newman*, for appellant.

*I. A. Murray*, for respondent.

Valiente v. Bryan.

McADAM, J.—The value of an advertisement must, in the nature of things, depend largely upon the circulation of the paper in which it appears.  If the subscription list is large, the peculiar business of the advertiser is brought to the attention of a large number of readers, and from the aggregate he may reasonably expect to secure some patrons, but where the circulation of the paper is small, the chances of securing patrons are proportionally decreased.  The representation that "La America" had a monthly circulation of at least 6,000 was therefore material.  The evidence leaves no doubt of the fact that this statement was untrue.

One of the editors testified that from a list of eight thousand names, the plaintiffs sent every other number of the paper, "four thousand this month to one and four thousand the next month to the other," and that the reason for this was to induce people to subscribe and pay for the paper.  That the eight thousand were not paying subscribers, but merely eight thousand names to whom the paper was sent every other month, hoping by that means to make them subscribers.  So long as six thousand papers were sent monthly, it may be immaterial, whether those who received them were regular subscribers or not, but it was certainly important that six thousand should be circulated monthly.  Four thousand every other month does not answer this requirement, nor does it make the plaintiff's representation true.  Six thousand each month would make seventy-two thousand during the year.  Four thousand each month make forty-eight thousand per year.  The difference is too great to be disregarded.  But it is said that this representation was made by an agent of the plaintiff who was a mere canvasser for advertisements.

This may be true, but he was intrusted with a responsible duty, and any representations which he

made within the scope of his apparent authority binds
his principals, and the power to represent the circula-
tion of the paper is within that authority.

The plaintiffs claim the benefit of his act, and they
cannot accept the part that is beneficial and reject
that which is not. The effect of the fraud is to avoid
the contract, and no recovery can be had upon it on
the proofs which appear in the case. The defendant
did not know of the fraud at the time, and was not
therefore called upon to rescind. He could return
nothing, for he had nothing in his possession capable
of return. The plaintiffs, although, perhaps, innocent
of the misrepresentation at the time it was made, are
chargeable with its consequences. They undertook on
the trial to prove that the representation was true,
and failed in the attempt. The case in its legal aspect
may be likened to an insurance policy in which mis-
representation as to a material fact amounts to a war-
ranty, and prevents a recovery in case of a breach, and
this without returning the consideration.

The defendant must either pay the contract price
or nothing. There is no way of apportioning the dam-
ages on the evidence presented at the trial. The rep-
resentation appears to have been the inducing cause of
the contract, and, being untrue, avoids it.

The defendant did not move for a dismissal of the
complaint, nor for a direction to find in his favor, and
the case went to the jury under the charge of the
court.

Under the circumstances the defendant had the
right to have the jury instructed "that if they found
that the plaintiffs' agent represented the circulation
of the paper as six thousand, plaintiffs were bound by
it: and that if it was part of the contract that said
paper had a circulation of six thousand, plaintiffs are
bound to prove it to be substantially so, or they can-
not recover."

The court was requested to make this charge and refused, to which refusal the defendant excepted. This exception, viewed as it must be, in the light of the evidence before detailed, is fatal to the judgment, which must be reversed and a new trial ordered, with costs to abide the event.

NEHRBAS, J., concurs.

No further appeal was taken. The plaintiffs discontinued the action.